IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL PLUNKETT,

           Petitioner,                  No. CIV S-09-3460 KJM DAD P

    vs.

GARY SWARTHOUT,

           Respondent.           FINDINGS & RECOMMENDATIONS

_____/

       Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner raises a due process challenge to the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at his suitability hearing held on November 24, 2008.  The matter has been fully briefed by the parties and is submitted for decision.  Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

I. Procedural Background

       Petitioner is confined pursuant to a 1990 judgment of conviction entered against him in the Butte County Superior Court on charges of second degree murder with use of a

/////

/////

1

1    firearm. (Doc. No. 1 at 1.)  Pursuant to that conviction, petitioner was sentenced to sixteen years

2    to life in state prison.  (Id.)[1]

3              The parole consideration hearing that is placed at issue by the instant federal

4    habeas petition was held on November 24, 2008.  (Id. at 28.)  Petitioner appeared at and

5    participated in the hearing.  (Id. at 31, et seq.)  Following deliberations held at the conclusion of

6    the hearing, the Board panel announced their decision to deny petitioner parole for two years as

7    well as the reasons for that decision.  (Id. at 79-88.)

8              Petitioner challenged the Board's 2008 decision in a petition for writ of habeas

9    corpus filed in the Butte County Superior Court.  (Answer, Ex. 1.)  That court denied the petition

10   in a decision on the merits of petitioner's claims.  (Answer, Ex. 2.)  Petitioner subsequently

11   challenged the Board's 2008 decision in a petition for writ of habeas corpus filed in the

12   California Court of Appeal for the Third Appellate District.  (Answer, Ex. 3.)  That petition was

13   summarily denied.  (Answer, Ex. 4.)  Petitioner subsequently filed a petition for writ of habeas

14   corpus in the California Supreme Court.  (Answer, Ex. 5.)  That petition was also summarily

15   denied.  (Answer, Ex. F.)

16             Petitioner then filed his federal application for habeas relief in this court,

17   contending that the Board's 2008 decision to deny him parole was not supported by "some

18   evidence" that he posed a current danger to society if released from prison, as required under

19   California law.  (Doc. No. 1 at 10-25.)

20   II.  Scope of Review Applicable to Due Process Challenges to the Denial of Parole

21             The Due Process Clause of the Fourteenth Amendment prohibits state action that

22   deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

23   due process violation must first demonstrate that he was deprived of a liberty or property interest

24   protected by the Due Process Clause and then show that the procedures attendant upon the

25   ────────────────

26        [1] Page number citations such as these are to the page number reflected on the court's
     CM/ECF system and not to page numbers assigned by the parties.

                                                  2

1   deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson,

2   490 U.S. 454, 459-60 (1989).

3          A protected liberty interest may arise from either the Due Process Clause of the

4   United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

5   expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

6   221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States

7   Constitution does not, of its own force, create a protected liberty interest in a parole date, even

8   one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of

9   Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

10  person to be conditionally released before the expiration of a valid sentence.").  However, a

11  state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

12  will be granted" when or unless certain designated findings are made, and thereby gives rise to a

13  constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

14         California's parole scheme gives rise to a liberty interest in parole protected by the

15  federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th

16  Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v.

17  Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in

18  this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz,

19  ___F.3d___, 2011 WL 1238007, at *4 (9th Cir. Apr. 5, 2011) ("[Swarthout v.] Cooke did not

20  disturb our precedent that California law creates a liberty interest in parole.")  In California, a

21  prisoner is entitled to release on parole unless there is "some evidence" of his or her current

22  dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29

23  Cal.4th 616, 651-53 (2002).

24          In Swarthout, the Supreme Court reviewed two cases in which California

25  prisoners were denied parole - in one case by the Board, and in the other by the Governor after

26  the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that

1   when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

2   requires fair procedures, "and federal courts will review the application of those constitutionally

3   required procedures." Id. at 862.  The Court concluded that in the parole context, however, "the

4   procedures required are minimal" and that the "Constitution does not require more" than "an

5   opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

6   Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

7   decisions that went beyond these minimal procedural requirements and "reviewed the state

8   courts' decisions on the merits and concluded that they had unreasonably determined the facts in

9   light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

10  the application of the "some evidence" standard to parole decisions by the California courts as a

11  component of the federal due process standard.  Id. at 862-63.[2]  See also Pearson, 2011 WL

12  1238007, at *4.

13  III.  Petitioner's Claims

14        A.  Due Process

15              As noted above, petitioner seeks federal habeas relief on the grounds that the

16  Board's 2008 decision to deny him parole, and the findings upon which that denial was based,

17  were not supported by "some evidence" as required under California law.  However, under the

18  Supreme Court's decision in Swarthout this court may not review whether California's "some

19  evidence" standard was correctly applied in petitioner's case.  131 S. Ct. at 862-63; see also

20  Miller v. Oregon Bd. of Parole and Post-Prison Supervision, ___F.3d___, 2011 WL 1533512, at

21  *5 (9th Cir. Apr. 25, 2011) ("The Supreme Court held in [Swarthout v.] Cooke that in the

---

23        [2]  In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four
24  years the Ninth Circuit had consistently held that in order to comport with due process a state
    parole board's decision to deny parole had to be supported by "some evidence," as defined in
25  Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v.
    Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d
26  895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole
    rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

context of parole eligibility decisions the due process right is *procedural*, and entitles a prisoner

to nothing more than a fair hearing and a statement of reasons for a parole board's decision[.]");

Roberts v. Hartley, ___F.3d___, 2011 WL 1365811, at *3 (9th Cir. Apr. 12, 2011) (under the

decision in Swarthout, California's parole scheme creates no substantive due process rights and

any procedural due process requirement is met as long as the state provides an inmate seeking

parole with an opportunity to be heard and a statement of the reasons why parole was denied);

Pearson, 2011 WL 1238007, at *3 (9th Cir. Apr. 5, 2011) ("While the Court did not define the

minimum process required by the Due Process Clause for denial parole under the California

system, it made clear that the Clause's requirements were satisfied where the inmates 'were

allowed to speak at their parole hearings and to contest the evidence against them, were afforded

access to their records in advance, and were notified as to the reasons why parole was denied.'")

The federal habeas petition pending before the court in this case reflects that

petitioner was represented by counsel at his 2008 parole suitability hearing.  (Doc. No. 1 at 31.)

As noted above, the record also establishes that at his hearing petitioner was given the

opportunity to be heard and received a statement of the reasons why parole was denied by the

Board panel.  That is all the process that was due petitioner under the Constitution.  Swarthout,

131 S. Ct. 862; see also Miller, 2011 WL 1533512, at *5; Roberts, 2011 WL 1365811, at *3;

Pearson, 2011 WL 1238007, at *3.  It now plainly appears that petitioner is not entitled to relief

with respect to his due process claims.  Accordingly, the pending petition should be denied.

IV.  Request for Evidentiary Hearing

Petitioner has also requested an evidentiary hearing on his due process claim.

(Doc. No. 1 at 13.)

Pursuant to 28 U.S.C. § 2254(e)(2), an evidentiary hearing is appropriate under

the following circumstances:

> (e)(2) If the applicant has failed to develop the factual basis of a
> claim in State court proceedings, the court shall not hold an
> evidentiary hearing on the claim unless the applicant shows that-

(A) the claim relies on-

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense[.]

Under this statutory scheme, a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate." Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999). See also Earp v. Ornoski, 431 F.3d 1158, 1166 (9th Cir. 2005); Insyxiengmay v. Morgan, 403 F.3d 657, 669-70 (9th Cir. 2005). A petitioner requesting an evidentiary hearing must also demonstrate that he has presented a "colorable claim for relief." Earp, 431 F.3d at 1167 (citing Insyxiengmay, 403 F.3d at 670, Stankewitz v. Woodford, 365 F.3d 706, 708 (9th Cir. 2004) and Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001)). To show that a claim is "colorable," a petitioner is "required to allege specific facts which, if true, would entitle him to relief." Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted). Moreover, the Supreme Court has recently held that federal habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits" and "that evidence introduced in federal court has no bearing on" such review. Cullen v. Pinholster, 563 U.S. ___, ___, 131 S. Ct. 1388, 1398, 1400 (2011).

In any event, it does not appear from the record that the California courts made any independent evidentiary findings in denying petitioner habeas relief. Therefore, review in this case is based upon the findings of the Board, which held a full hearing at which it developed the facts. The court concludes that no additional factual supplementation is necessary in this case

1    and that an evidentiary hearing is not appropriate with respect to the due process claim raised in

2    the instant petition.  The facts alleged in support of these claims, even if established at a hearing,

3    would not entitle petitioner to federal habeas relief.  Further, petitioner has not identified any

4    factual conflict that would, under any circumstances, require this court to hold an evidentiary

5    hearing in order to resolve.  Therefore, petitioner's request for an evidentiary hearing should be

6    denied as well.

7    V.  Conclusion

8            Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

9    a writ of habeas corpus and his request for evidentiary hearing be denied.

10            These findings and recommendations are submitted to the United States District

11   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

12   one days after being served with these findings and recommendations, any party may file written

13   objections with the court and serve a copy on all parties.  Such a document should be captioned

14   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

15   shall be served and filed within fourteen days after service of the objections.  Failure to file

16   objections within the specified time may waive the right to appeal the District Court's order.

17   Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

18   1991).

19            In any objections he elects to file, petitioner may address whether a certificate of

20   appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

21   11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

22   certificate of appealability when it enters a final order adverse to the applicant); Hayward v.

23   Marshall, 603 F.3d 546, 554 (9th Cir. 2010) (en banc) (prisoners are required to obtain a

24   certificate of appealability to review the denial of a habeas petition challenging an administrative

25   /////

26   /////

1   decision such as the denial of parole by the parole board), abrogated on other grounds in

2   Swarthout v. Cooke, 562 U.S. ____ , 131 S. Ct. 859 (2011).

3   DATED: June 2, 2011.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7   DAD:8
    plunkett3460.hc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26